SOWARD ET AL. V. JOHNSTON, PLAINTIFF IN ERROR.

**Estoppel:** REAL ESTATE: TITLE TO: ATTORNEY AT LAW. Plaintiffs having bought a lot, relying upon the opinion of defendant, an attorney at law, that the title was good, subsequently sold the lot to defendant on credit, giving him a bond for title, and at his request erected a building on it, of which he took and kept possession. In a suit to recover the price of the lot and house, *Held* that defendant was estopped by these facts to show that plaintiffs had acquired no title to the lot.

*Error to Pike Circuit Court*—HON. A. H. BUCKNER, Judge.

*John Johnston, p. p.*—Equity will not require a purchaser, holding title bond for good and sufficient conveyance, to accept and pay for a defective or doubtful title. *Sackett v. Williamson*, 31 Mo. 54; *Wellmans Adm'r v. Dismukes*, 42 Mo. 101; *Dietrich v. Franz*, 47 Mo. 85. Plaintiffs seeking for specific performance must tender deed such as their title bond requires, before they are entitled to judgment or decree. 2 *Hilliard on Vendors*, 71, 72; *Burwell v. Jackson*, 9 N. Y. 546; 4 *Abbott's Nat. Dig.* 339. If it were proven that defendant, as attorney for plaintiffs, gave them an opinion, pronouncing the title good, which opinion

afterwards proved to be erroneous, plaintiffs might, perhaps, have a right of action against defendant for damages, but as there is no pretence that defendant claimed any title in himself, or that he was the party making sale of the property to plaintiffs, they will hardly be permitted to show such mistaken opinion to relieve them in this action from compliance with the terms and requirements of their·title bond. *Estoppel en pais* can only affect existing title. *Donaldson v. Hibner*, 55 Mo. 492.

*Fagg & Dyer* for defendants in error.

Defendant is estopped from denying the title which plaintiffs had at the time of his purchase, and which they acquired on the strength alone of his advice as their attorney.

NORTON, J.—Plaintiffs instituted their suit in the Circuit Court of Pike county, upon three promissory notes executed by defendant in consideration of the sale of lot 86, in block 117, in the city of Louisiana, and of work and labor and materials furnished in building a house thereon, at the request of defendant, and for him. It is further alleged that plaintiffs executed and delivered to defendant a title bond to said Johnston, in which they obligated themselves, upon the payment of said notes, to convey to said defendant the lot in question by a good and sufficient deed of general warranty. It is also alleged that plaintiffs were willing and ready to comply with the terms of the title bond, and judgment was asked on said notes as well as a judgment for the sale of the lot. The answer of defendant admits the execution of the notes, the consideration for which they were given, and the execution of the title bond, but denies that plaintiffs ever had any legal or equitable title to said lot, and alleges that, in September, 1873, defendant tendered to plaintiffs the full amount of said notes, interest and costs, and demanded a deed, which was refused. The new matter set up in the answer was denied

by replication, and upon a trial of the cause by the court, without the intervention of the jury, judgment was rendered for plaintiffs for $1,226.64 and for the sale of the lot in conformity with the prayer of the petition. It appears from the evidence in this case that the plaintiffs claimed title to the lot in question under a deed, executed to them by David P. Dyer and George Hind, trustees of Calvary Church of Louisiana, the consideration of which was five hundred dollars. One of the plaintiffs testified that before the acceptance of the deed by them, they employed defendant, as a lawyer, to examine the title to said real estate, who told them that the title was good, and that he would buy the property—that he was not afraid of the title; that plaintiffs would not take the deed from Dyer and Hind until after Johnston had pronounced the title good; that five or six months after this plaintiffs sold the property to Johnston. Defendant, in his testimony, admits that plaintiffs employed him to examine the title to the lot in question, about the time they made the purchase from Dyer and Hind; that he was employed by them to write the deed from Dyer and Hind to plaintiffs, and to examine the title only so far as to enable him to write the deed, and not to make any general examination of the merits of the title; that he had made no such examination till after this suit was brought. He admits that he advised plaintiffs that the title was good: does not deny that he told them he (Johnston) would buy the property. Defendant admits, in his evidence, that he was in possession of the lot, and admits, in his answer, that plaintiffs, at his request, furnished the materials and built a house on said lot, which constituted part of the consideration of the notes. We know of no principle of either law, equity or sound morals that would allow the defendant to retain possession of what he bought and escape the payment of what he agreed to pay, upon the ground that plaintiffs' title was defective, especially when the evidence shows that, as a lawyer, employed for the purpose of investigating the title, he

informed the plaintiffs that it was good, that he was not afraid of it and would buy the property, and that plaintiffs, acting upon these representations, on which they had a right to rely, bought the property and sold it to defendant. If it were even so that a flaw or defect in plaintiffs' title existed, which would occasion a loss, either to plaintiffs or defendant, the equity of the case, as well as the justice of it, would require that it should fall on the defendant, by whose conduct it was occasioned. Under the view taken of this case, it is wholly unnecessary to consider the technical objections made to the action of the trial court in admitting evidence, or to subject them to the criticism which an investigation of them would render necessary. We think that the judgment below was for the right party, and it will therefore be affirmed, in which the other Judges concur.

AFFIRMED.